IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01122-LTB

**ALBERT PETER GRENIER**,

    Applicant,

v.

**USA**,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Albert Peter Grenier, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Grenier filed *pro se* a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 challenging the validity of his conviction in Arapahoe County, Colorado, district court case number 98CR1850.

The Court must construe liberally Mr. Grenier's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Because Mr. Grenier is challenging a conviction in state court, the amended § 2255 motion will be treated as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Court will dismiss the habeas corpus application for lack of jurisdiction.

Mr. Grenier was convicted by a jury in Arapahoe County District Court case number 98CR1850 on charges of first-degree premeditated murder and abuse of a corpse. The trial court sentenced him to life imprisonment.

On March 6, 2008, the Colorado Court of Appeals affirmed on direct appeal. **See People v. Grenier**, No. 00CA1992 (Colo. Ct. App. Mar. 6, 2008) (not published). On February 17, 2009, the Colorado Supreme Court denied certiorari review. Mr. Grenier has not filed any postconviction motions in state court.

This is the third habeas corpus action that Mr. Grenier has filed attacking his conviction in Arapahoe County District Court case number 98CR1850. The first habeas corpus application Mr. Grenier filed in this Court was dismissed as procedurally barred. **See Grenier v. Hartley**, No. 09-cv-02553-ZLW (D. Colo. Dec. 17, 2009). The second habeas corpus application Mr. Grenier filed in this Court was dismissed for lack of jurisdiction as successive. **See Grenier v. Hartley**, No. 10-cv-02926-BNB (D. Colo. Jan. 26, 2011). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." **Van Woudenberg ex rel. Foor v. Gibson**, 211 F.3d 560, 568 (10th Cir. 2000), **abrogated on other grounds by McGregor v. Gibson**, 248 F.3d 946, 955 (10th Cir. 2001).

In No. 09-cv-02553-ZLW, Mr. Grenier failed to raise any of his asserted claims as a federal constitutional claim in the state courts, was barred from doing so because he no longer had an adequate and effective state remedy available to him, and failed to demonstrate cause and prejudice or a fundamental miscarriage of

justice to excuse his default. Therefore, the Court denied the application and dismissed the action in No. 09-cv-02553-ZLW as procedurally barred. Judgment was entered on the same day. On April 26, 2010, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) dismissed the appeal for failure to prosecute. **See Grenier v. Hartley**, No. 10-1093 (10th Cir. Apr. 26, 2010).

In No. 10-2926, Mr. Grenier raised three claims:

1. the trial court erred in finding that his confession was voluntary, not coerced;

2. the limiting instruction concerning his sanity failed to cure faulty legal instructions and violated his privilege against self-incrimination; and

3. the trial court's erroneous interpretation of Colo. Rev. Stat. § 16-8-107(1)(a) concerning evidence acquired from a court-ordered examination permitted the jury to consider his examination statements and, thus, denied him an instruction on his right to use deadly force against an intruder in self-defense under the "Make My Day" law, Colo. Rev. Stat. § 18-1-704.5.

This Court determined that his claims were successive and that he had not received an order authorizing this Court to consider his second or successive habeas corpus application from the Tenth Circuit as required pursuant to 28 U.S.C. § 2244(b)(3)(A). **See In re Cline**, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacked jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application and dismissed the application on January 26, 2011. Judgment was entered on the same day. On March 28, 2011, the Tenth Circuit dismissed his appeal because he had presented no reasoned, non-frivolous argument in support of the issues he

wanted to raise on appeal. **See Grenier v. Hartley**, No. 11-1059 (10th Cir. Mar. 28, 2011).

In the instant action, Mr. Grenier is raising the following claims.

1. The Arapahoe county trial court denied Defendant's request for an instruction on his right to use deadly physical force against an intruder in self-defense under the "Make My Day" statute, pursuant to §18-1-704.5(3).

2. His conviction was obtained by a coerced/edited confession.

3. Denial of right to one meaningful appeal.

4. The conviction was obtained by the use of evidence from an unconstitutional search/seizure.

A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Grenier fails to allege whether he has obtained the necessary authorization from the Tenth Circuit to file a second or successive 28 U.S.C. § 2254 application. Assuming that he has not obtained such an authorization, the Court

either must dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  *In re Cline*, 531 F.3d at 1252.  The factors to be considered in deciding whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251.

The Court finds that none of the relevant factors favor a transfer.  Mr. Grenier's claims in the instant action are not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to 28 U.S.C. § 2244(b)(2).  Therefore, the claims do not appear to have been filed in this Court in good faith.  It also is clear when this action was filed that the Court lacked jurisdiction over Mr. Grenier's claims challenging the validity of his conviction in No. 98CR1850.  As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice.  Instead, the action will be dismissed for lack of jurisdiction.  Accordingly, it is

**ORDERED** that the habeas corpus application is **DISMISSED** for lack of jurisdiction.  It is

**FURTHER ORDERED** that no certificate of  appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

**FURTHER ORDERED** that the Motion and Affidavit for Leave to Proceed on Appeal Under 28 U.S.C. 1915 and Fed.R.App.P.24 is **DENIED**.

DATED at Denver, Colorado, this  2nd  day of     June    , 2015.

BY THE COURT:


    s/Lewis T. Babcock
Lewis T. Babcock
Senior Judge, United States District Court